UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA


DRB#24, LLC et.al.,                                          CIV. NO. 12-1503(JRT/JSM)

     Plaintiffs,                                   REPORT AND RECOMMENDATION

v.

CITY OF MINNEAPOLIS,
A Municipal Corporation, et.al.


     This matter is before the Court on plaintiffs' motions for Partial Summary Judgment [Docket Nos. 9, 15] and defendants' Motion for Summary Judgment [Docket No. 33].[1] Mark J. Kallenbach, Esq. appeared on plaintiffs' behalf. Kristin R. Sarff, Esq. and Gregory P. Sautter, Esq. appeared on defendants' behalf.

     These matters were referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Docket No. 26].

## I.    FACTUAL BACKGROUND

     DRB#24 is a Minnesota Limited Liability Company that acquired 701 Newton Avenue North, Minneapolis ("701 Newton"), in June 2008, for $11,200. Second Declaration of David Busch ("Busch Decl. II"), ¶2 [Docket No. 18]. 701 Newton is vacant and as of November 2012, had thirty open housing code violations. Affidavit of

---

[1] On May 17, 2013, this Court stayed all proceedings pending this Court's issuance of a Report and Recommendation on the parties' dispositive motions and denied without prejudice plaintiffs' motions to compel discovery [Docket No. 42] and motion to amend the pretrial scheduling order and to expand the number interrogatories allotted to plaintiffs [Docket No. 48].

Kristin Sarff ("Sarff Aff."), Ex. A (code compliance record for 701 Newton) [Docket No. 24].

In June 2011, DRB#24 received a Notice of Intent to Assess from the City of Minneapolis ("City")[2] for 2010 unpaid Vacant Building Registration ("VBR") fees in the amount of $6,550. Busch Decl. II, Ex. B. The assessment was appealed and the matter was heard on July 21, 2011, by an administrative hearing officer who determined that the assessment should be levied in full. Id., Exs. D, E. The Notice of Decision provided that the assessment could be appealed to the state district court by serving the Notice of Appeal upon the Mayor or City Clerk within thirty days of the adoption of the assessment by the City Council. Id., Ex. E.

In April 2012, DRB#24 received a Notice of Intent to Assess $6,746 for 2011 unpaid VBR fees on 701 Newton Ave. Id., Ex. C. The assessment was appealed and on May 31, 2012, an administrative hearing officer ordered that the assessment be levied in full. Id., Ex. F, G. The Notice of Decision provided that the assessment could be appealed to the state district court by serving the Notice of Appeal upon the Mayor or City Clerk within thirty days of the adoption of the assessment by the City Council. Id., Ex. G. The 2010 and 2011 assessments appear on the City's special assessment rolls, indicating that the fees were adopted and assessed. Id., Ex. H.

Minnesota Stat. §429.081 provides that any person aggrieved by an assessment "who is not precluded by failure to object prior to or at the assessment hearing, or whose failure to so object is due to a reasonable cause, may appeal to the district court

---

[2] Plaintiffs sued the City of Minneapolis and unknown City agents, employees and servants. For the purpose of this decision, the Court will refer collectively to these defendants as the "City."

by serving a notice upon the mayor or clerk of the municipality" within thirty days of the date of the adoption of the assessment. DRB#24 does not dispute that it did not appeal the 2010 or 2011 assessments to the state district court, although for reasons described below, it contends that it was not required to do so because the City lacked jurisdiction to assess the VRB fees in the first instance. Defendant's Letter dated March 14, 2013 [Docket No. 39].

DRB#24 and 701 Newton sued the City in state court on June 4, 2012, and on June 22, 2012, the City removed the case to federal court. See Complaint, Notice of Removal [Docket No. 1].

Plaintiffs' Complaint alleged that on April 25, 2001, the City adopted an ordinance for the collection of VBR fees. Compl., ¶9 (citing Minneapolis Code of Ordinances ("M.C.O.") §249.80(i)(1) (2001). The ordinance required that all owners of vacant buildings in the City pay a yearly fee of $400.00. Id. The stated purpose of the ordinance was to recover the administrative costs expended by the City in registering and monitoring the buildings. Id. The ordinance also gave the City the authority to impose special assessments to collect unpaid VBR fees. Id.

On May 26, 2006, the City amended the ordinance, increasing the amount of the yearly fee to $2,000.00. Id., ¶10 (citing M.C.O. § 249.80(i)(1) (2006)). The ordinance was further amended on February 29, 2008, setting the annual fees as established according to a fee schedule. Id., ¶11. The 2008 amended ordinance restated the purpose of the fee as intending to recover all costs "incurred by the city for monitoring and regulating vacant buildings including nuisance abatement, enforcement and administrative costs." Id. Also in 2008, the City set the fee at $6,000.00. Id., ¶12, Ex.

A. In 2009, the VBR fee was set at $6,360 (Id., ¶14); in 2010, the VBR fee was set at $6,650 (Id., ¶15); in 2011, the VBR fee was set at $6,746 (Id., ¶16); and in 2012, the fee was set at $6,949. Id., ¶17.

Plaintiffs asserted that the City calculated the fees relying on a flawed study prepared by the City's Inspections Department and the fees are excessive and unreasonable in light of their purpose as codified in the Minneapolis Code of Ordinances. Compl., ¶¶ 12-13, 20-41. Plaintiffs further alleged that the VBR fee is materially in excess of the amount required to actually process the annual VBR form and to monitor the vacant building site, as permitted by the ordinance. Id., ¶21. In support of this allegation, plaintiffs analyzed what they believed to be the actual costs of inspections based on the City's budget. Id., ¶¶23-33. Based on plaintiffs' analysis, the City's actual costs of processing the vacant building registration fee and monitoring the vacant building sites ranged from $387 in 2007 to $1,300 in 2012. Id., ¶34. Consequently, the fees assessed by the City resulted in overcharges ranging from $1,173 in 2006 to $6,168 in 2011 and $5,649 in 2012. Id., ¶35. Because the VBR fee so grossly exceeds the City's actual costs of administration and monitoring, plaintiffs characterized the fee to be a fine. Id., ¶40. Plaintiffs maintained that they, and similarly situated property owners,[3] are entitled to recover all fees actually paid and have abated any assessments which have not been paid. Id., ¶¶42-50.

Plaintiffs also alleged that the 8% interest rate charged by the City on unpaid VBR fees exceeds the 5% interest rate permitted by Minn. Stat. § 435.17. Id., ¶¶85-91. Plaintiffs asserted that the City's VRB fee assessments violated their rights under the

---

[3]     This matter has not yet been certified as a class action.

Fourth, Fifth and Fourteenth Amendments of the United States Constitution and their rights under Sections Eight, Ten and Thirteen of the Minnesota State Constitution. Id., ¶¶51-121. Plaintiffs also claimed that the excessive interest rates are in violation of Minnesota's usury law, Minn. Stat. §334.01, Subd. 1, which sets interest rates at 6% unless otherwise contracted for in writing. Id., ¶¶122-128.

Plaintiffs further alleged that the City does not have the legal authority to specially assess VBR fees absent an enabling statute. Id., ¶131. Plaintiffs claimed that before 2008, Minn. Stat. §429.101 did not allow for the special assessment of VBR fees. Id., ¶130. In 2008, the statute was amended to allow municipalities to specially assess VBR fees, but for the limited purpose of administrating programs to identify and register vacant buildings. Id., ¶¶133-136 (citing Minn. Stat. § 429.101, subd. 1(12)). Plaintiffs maintained that the City's attempt to recover costs beyond the limits of the enabling statute, such as for monitoring and nuisance abatement, renders the VBR ordinance void both before and after the 2008 statutory amendment. Id., ¶¶ 132, 136.

Plaintiffs alleged that the City failed to properly notify them and other vacant property owners of the basis of costs for the VBR fees, and that as such, it failed to comply with the procedural requirements of M.C.O. § 227.100, which provides that the City "shall" provide notice of basis for the costs charged. Id. ¶¶137-143.

Plaintiffs further alleged that they, and similarly situated vacant property owners, did not benefit from the VBR fees, and that as such, the City violated Section Thirteen of the Minnesota State Constitution, as well as the Fourth, Fifth, Fourteenth Amendments of the United States Constitution. Id., ¶¶ 144-150.

Plaintiffs alleged intentional or negligent misrepresentation by the City of the costs incurred in monitoring and registering vacant buildings as well the legality of the interest rate charged; the City unjustly enriched itself through its administration of the VBR program; and slander of title as a result of the City's publication of the special assessments on 701 Newton. Id., ¶¶ 151-177, 178-180, 181-184.

Among other grounds of relief, plaintiffs sought a judgment that the VBR fees and interest rates charged do not comply with the relevant M.C.O. provisions or state statutes and that they were entitled to attorneys' fees pursuant to 42 U.S.C. §1983. Id., ¶¶185-189; Prayer for Relief, ¶¶a-f.

The City answered, generally admitting the history of amendments to the VBR fee ordinance, denying the existence of any similarly situated properties, denying any state or federal constitutional violations, and generally denying the allegations in the Complaint, except for the facts relating to the assessment of the VBR fees against 701 Newton. The City asserted various defenses including statutory, discretionary, official, vicarious and qualified immunity; plaintiffs' federal constitutional claims were barred by the Tax Injunction Act; plaintiffs' claims were barred by the applicable statute of limitations; and failure to exhaust available judicial remedies. First Amended Answer of Defendant City of Minneapolis, [Docket No. 4].

Plaintiffs moved for partial summary judgment on the City's Tax Injunction Act defense. [Docket No. 9]. Plaintiffs moved separately for partial summary judgment on their claims that the VBR fee is void and unenforceable. [Docket No. 15]. Defendants initially moved for summary judgment on all of plaintiffs' claims, but later, based on an

agreement with plaintiffs, excluded from its motion plaintiffs' claims that the VBRs were excessive and unreasonable.[4] [Docket No. 33].

## II.    LEGAL STANDARD

Summary judgment is proper if, drawing all reasonable inferences favorable to the non-moving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celeotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); see also Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219 (8th Cir. 1999). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" DePugh v. Smith, 880 F. Supp. 651, 656 (N. D. Iowa 1995) (quoting Anderson, 477 U.S. at 248). "[I]f the court can conclude that a reasonable trier of fact could return a verdict for the nonmovant, then summary judgment should not be granted." DePugh, 880 F.Supp. at 656 (quoting Anderson, 477 U.S. at 248).

The moving party bears the burden of showing that the material facts in the case are undisputed. Celotex Corp., 477 U.S. at 322-23; see also Mems v. City of St. Paul,

---

[4]    On March 8, 2013, plaintiffs narrowed the scope of their original partial summary judgment motion, excluding from consideration whether the VBR fee is excessive or unreasonable. Plaintiffs' Letter dated March 8, 2013 [Docket No. 36]. Plaintiffs conceded that this issue was not ripe for summary judgment in light of the fact that discovery had not been completed. Id. The City agreed not to request a determination on those issues. Defendants' Letter dated March 8, 2013 [Docket No. 37]. Plaintiffs filed red-lined versions of their brief in support of partial summary judgment and reply reflecting this change in scope. Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment ("Pls.' Mem. PSJ") [Docket No. 36]; Plaintiffs' Reply Memorandum to Defendant's Memorandum in Opposition to Plaintiffs' Motions for Partial Summary Judgment ("Pls.' Reply") [Docket No. 36]. Unless otherwise noted, this Court has referenced the red-lined version of plaintiffs' memoranda throughout this Report and Recommendation.

Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). If the moving party has carried its burden, the non-moving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Anderson, 477 U.S. at 256; Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995). "The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial." Minnesota Laborers Health & Welfare Fund v. Swenke, 2003 U.S. Dist. LEXIS 11439, *4-5 (D. Minn. 2003) (citations omitted).

Summary judgment is appropriate where the material facts are not in dispute, and the court need only apply the law to the facts in the record. See Eisenrich v. Minneapolis Retail Meat Cutters, 282 F. Supp. 1077, 1080-81 (D. Minn. 2003) (citing Oldham v. West, 47 F.3d 985, 988 (8th Cir. 1995)).

## III. DISCUSSION

### A. Plaintiffs' Motion for Partial Summary Judgment on Defendants' Tax Injunction Act Defense [Docket No. 9]

The City asserted that plaintiffs' federal constitutional claims are barred by the Tax Injunction Act ("TIA"), 28 U.S.C. §1341. First Amended Answer of Defendant City of Minneapolis ("First Amend. Answer") [Docket No. 4], p. 34, ¶ 16. In support of their motion for partial summary judgment on this claim, plaintiffs argued that the TIA jurisdictional bar is limited to suits questioning the constitutionality of taxes. Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment as to Defendants' Tax Injunction Act Defense, p. 4 [Docket No. 13]. Plaintiffs contended that VBR fees are fees and not taxes, and accordingly the TIA does not bar the present action. Id.

The City conceded that the VBR is a fee and not a tax. Defendants' Memorandum in Opposition to Plaintiffs' Simultaneous Motions for Partial Summary Judgment ("Defs'. Mem.") p. 24 [Docket No. 25].[5] Nonetheless, the City argued that the Court should withhold summary judgment on the defense. Id., p. 24. The City maintained that the VBR fee is neither excessive nor unreasonable, but if the Court disagreed, the City should be allowed to characterize the fee as a revenue-raising measure. Should the Court accept this characterization, the VBR fee would become a tax, at which point the matter would fall within the TIA's jurisdictional limitation. Id., p. 25.

Plaintiffs replied that the City cannot maintain that the Court has jurisdiction to decide whether the VBR fee is reasonable and simultaneously argue that if the fees is found to be excessive and unreasonable, then the Court would lose jurisdiction over the matter. Pls.' Reply, p. 10 [Docket No. 29].

The TIA prohibits federal courts from exercising jurisdiction over certain claims involving state taxation. The TIA provides:

> The district courts shall not enjoin, suspend, or restrain the assessment, levy or collection of any tax under state law where a plain, speedy and efficient remedy may be had in state courts.

28 U.S.C. §1341. Whether an assessment constitutes a "tax" for the purpose of the TIA or a fee is a question of federal law and the court is not required to rely on a municipalities' characterization of the assessment. Ben Oehrleins & Sons & Daughters, Inc. v. Hennepin County, 115 F.3d 1372, 1382 (8th Cir. 1997) (citing Wright v. McClain,

---

[5]     The City relied on its Memorandum in Opposition to plaintiffs' motions for partial summary judgment and did not submit an additional memorandum in support of its own motion for summary judgment. [Docket No. 33].

835 F.2d 143, 144 (6th Cir. 1987)).  To determine whether an assessment or levy is a tax, "the court must look to the purpose underlying the premium."  <u>Marigold Foods, Inc. v. Redalen</u>, 834 F. Supp. 1163, 1166 (D. Minn. 1993).  "Premiums primarily imposed for revenue-raising purposes are considered to be taxes.  <u>Id.</u> (citation omitted).  "Premiums imposed for regulatory or punitive purposes, even though they may also raise revenue, generally are not considered taxes."  <u>Id.</u> (citation omitted).

Pursuant to M.C.O. §249.80(i)(1), adopted in 2001, the purpose of the VBR was to defray administrative costs for registering and processing the vacant building registration form and for the costs of the City in monitoring the vacant building site."  Pl. TIA Mem., p. 5.  The 2008 amendment provided that the VBR is "imposed to recover all costs incurred by the City for monitoring and regulating vacant buildings, including nuisance abatement, enforcement and administrative costs."  <u>Id.</u>, p. 6.  By its express language, the purpose underlying the VBR fee is clearly regulatory and is not levied to raise revenues, and the City has not offered any evidence to the contrary.  Further, the City has not provided any evidence that it has ever considered or treated the VBR fee as a tax.  Finally, the City <u>admitted</u> that the VBR fee is not a tax.  Defs. Mem., p. 24. Defendants' desire to hang onto their TIA defense "just in case" the Court determines at some point that the VRB is unreasonable is no basis for denying summary judgment on this defense.[6]  This Court recommends that summary judgment be granted on the City's TIA defense.

---

[6]     To the extent that the District Court adopts this Court's recommendation that defendants' motion for summary judgment be granted, plaintiffs' summary judgment motion on the City's TIA defense is moot.

## B. **Plaintiffs' Claims are Time-Barred and Should be Dismissed with Prejudice**

The parties' arguments in favor of partial summary judgment are summarized as follows. According to plaintiffs, there is no ordinance enabling the City to specially assess VBR fees. Pls'. Mem. PSJ, pp. 16-19. The collection of unpaid VBR fees is governed by M.C.O. §227.100, which outlines the notice requirement for the removal of certain offensive matter or nuisances from property, which exist in violation of M.C.O. §227.90. Id., p. 16. M.C.O. §227.90 (2000) refers to the removal and disposition of "offensive matter," "offensive conditions" and "nuisance." Id.[7] Accordingly, nuisance removal is a condition precedent to special assessment. Id., p. 17.

Plaintiffs contended that because the City could not reasonably expect the vacant building itself to be removed, the ordinance contemplates a different type of nuisance altogether and thus, the City lacked an enabling ordinance to specially assess the VBR fees. Id., pp. 16-19. In addition, Minnesota did not enact a statute permitting special assessment of VBR fees until 2008. Id., p. 20. The statute enacted in 2008, while enabling special assessment of VBR fees, limited the recoverable costs to those expended identifying and registering vacant buildings. Id., p. 19 (citing Minn. Stat. §429.101, subd. 1(a)(12) (2008)). The City's VBR ordinance exceeded the scope of the statute by including costs associated with monitoring, nuisance abatement, and enforcement. Id., pp. 19-20,

---

[7]     The most recent version of M.C.O. 227.90(a) is clearer regarding what the City considers to be offensive or a nuisance, listing noxious weeds, barnyard litter, manure, yard cleanings, dead animals, inoperable vehicles or "other foul or unhealthy material" as examples of nuisances.
http://library.municode.com/index.aspx?clientId=11490&stateId=23&stateName=minnesota

In addition, plaintiffs maintained that the City lacked jurisdiction to specially assess the VBR fees against 701 Newton because the City failed to comply with statutory notice requirements regarding its Notice of Intent to Assess. Id., pp. 20-23. Plaintiffs asserted that the City's Notice of Intent to Assess failed to meet the requirements of Minn. Stat. §429.061, subd. 1, in that the notices received by DRB#24 failed to state the general nature of the improvement at issue, did not identify any proposed assessment roll on file with the clerk, and did not describe the area to be assessed. Id., pp. 21-23.

Next, Plaintiffs argued that the annual interest rate of 8% charged by the City for special assessments exceeds the 5% maximum interest rate permitted by statute and at any rate, the City was charging an effective interest rate of 13.67%, not the 8% it claimed to be charging. . Id., pp. 23-26.

In response, the City contended that since at least 2001, M.C.O. §249.80 has authorized the City to levy and collect unpaid VBR fees as a special assessment. As to plaintiffs' argument that nuisance removal was a condition precedent to the imposition of the assessment pursuant to M.C.O. §227.100, the City stated that M.C.O. §249.80 merely applied the procedural requirements for levying and collecting assessments described by M.C.O. §227.100. Defs.' Mem., pp. 6-7. In other words, the City has merely borrowed the procedural process described in M.C.O. §227.100.

Further, the City asserted that it was statutorily authorized to specially assess VBR fees both before and after the 2008 amendment. Id., pp. 7-11. Before 2008, Minn. Stat. §429.101, subd. 1(c) (1991)[8] allowed municipalities to specially assess charges

---

[8]      This provision states:

made for the removal of public health or safety hazards from private property.  Id., p. 8.

Because vacant properties impose a variety of public health and safety hazards, the

statute authorized the City to institute the VBR program.  Id., pp. 8-9.  In 2008, the

statute was amended to explicitly provide for the collection of VBR fees.  Id., p. 10;

Minn. Stat. §429.101, subd. 1(12) (2008).[9]  According to the City, because the City's

program is designed to identify and register vacant buildings, the City should be allowed

to recover any and all expenses associated with that program, regardless of whether

those expenses are directly related to identification and registration.  Id., pp. 9-10.

The City also contended that plaintiffs' claims regarding the lack of an enabling

statute to authorize the pre-2008 VBR fees were time-barred because plaintiffs failed to

appeal the assessments to the state district court within thirty days of the adoption of

the assessments.  Id., pp. 9-10.  Minnesota Stat. §429.081 provides that a property

owner has thirty days from the adoption of the assessment to appeal to the state district

court.  Id., p. 10.  Any objections not appealed are deemed waived.  Id.  At the hearing,

the City expanded this argument, claiming that because plaintiffs failed to appeal any of

---

> In addition to any other method authorized by law or charter,
> the governing body of any municipality may provide for the
> collection of unpaid special charges for all or any part of the
> cost of . . . (c) removal or elimination of public health or
> safety hazards from private property, excluding any structure
> included under the provisions of sections 463.15 to 463.26."

[9]     This provision states:

> (a) In addition to any other method authorized by law or
> charter, the governing body of any municipality may provide
> for the collection of unpaid special charges for all or any part
> of the cost of: . . . (12) the recovery of delinquent vacant
> building registration fees under a municipal program
> designed to identify and register vacant buildings."

their VRB assessments to the state district court, <u>all</u> of their claims arising out of the assessments were time-barred and must be dismissed.

As for the notice requirements of Minn. Stat. §429.061, the City maintained that they do not apply to the VBR ordinance. <u>Id.</u>, pp. 12-14. According to the City, municipalities are allowed to adopt their own special assessment procedures. <u>Id.</u>, p. 12 (citing <u>Curiskis v. City of Minneapolis</u>, 729 N.W.2d 655, 658 (Minn. Ct. App. 2007) ("Minnesota Statutes Chapter 429 governs local improvements and special assessments, and allows a city to use either Chapter 429 or its home rule charter in making improvements and imposing special assessments.") and that is what the City did here. M.C.O. §249.80, subd. (j)(3) provides that the procedural requirements of M.C.O. §227.100 apply to levying and collection of VBR fees. M.C.O. 227.100 requires that the Notice of Intent to Assess "shall" state:

> [T]he amount and basis for the costs and the time, date and place of a hearing before a hearing officer appointed by the council to determine the validity and amount of the proposed assessment. . . the notice shall state that the owner may appeal the assessment to the district court within thirty (30) days after the adoption of the special assessment by the council at an annual meeting. The notice shall also inform the owner of the provisions of Minnesota Statutes Sections 435.193 to 435.195 and of the existence of any deferment procedure.

According to the City, the notices received by DRB#24 fully complied with these requirements. Defs.' Mem., pp. 12-14.

As for plaintiffs' arguments regarding the interest rate charged on unpaid VBR fees, the City argued that it has the authority to apply different interest rates to each type of special assessment. <u>Id.</u>, p. 14-15. The City maintained that Minn. Stat. §435.17, cited by plaintiffs, only applies to assessments for public improvements and

that other Minnesota statutes permit an interest rate of 8%. Id., p. 14 9 (citing Minn. Stat. §463.161, Minnesota's abatement statute, which allows municipalities to charge 8% interest for assessments relating to removal of hazardous conditions at any hazardous building or property). More to the point, Chapter 435 applies to assessments for public improvements, not assessments for VBR fees. Id., p. 15. The City further claimed that plaintiffs' calculation of the effective interest rate charged by the City is flawed and that in fact only an 8% interest rate was charged. Id., pp. 16-17.

In reply, plaintiffs asserted that Minn. Stat. §429.101 did not give the City the statutory authority to specially assess VBR fees, because property owners were already charged separately for the removal of public health and safety hazards. Pls'. Reply, p. 3. Plaintiffs contended that the VBR fee, if assessed for the purpose of removing public health and safety violations, would amount to a second billing for the same services. Id.

Plaintiffs also submitted that even if M.C.O. §227.100 governs the procedural requirements for special assessments, the City failed to meet those standards. Id., pp. 5-6. Plaintiffs maintained that the City's Notice of Intent to Specially Assess does not provide notice of the basis for the costs recovered by the assessment. Id. Thus, the City lacked jurisdiction under either set of procedural guidelines. Id.

In a letter sent to this Court after the hearing, the City clarified that plaintiffs had appealed their assessments at administrative hearings, but that plaintiffs never appealed the assessments to the state district court. Defendant's Letter dated March 14, 2013 [Docket No. 39]. Plaintiffs responded, maintaining that the City lacked jurisdiction to assess the VBR in the first instance as a result of the defective notices DRB#24 received, thus rendering irrelevant the question of whether plaintiffs appealed

to the state district court within the thirty-day time period. Plaintiffs' Letter Dated March 14, 2013. [Docket No. 40]. Plaintiffs did not, however, contest the City's factual assertions regarding their failure to appeal. Id.

After a careful reading of the relevant ordinances and statutes and in light of the uncontested facts regarding DRB#24's failure to appeal the City's assessments to the state district court, this Court concludes that the Gordian knot created by plaintiffs' reference to and reliance on various (and at times, seemingly irrelevant and inapplicable) statutes[10] can be easy cut by reference to the governing limitations period contained in Minn. Stat. §429.081.

Minnesota Stat. §429.081 provides:

> Within 30 days after the adoption of the assessment, any person aggrieved, who is not precluded by failure to object prior to or at the assessment hearing, or whose failure to so object is due to a reasonable cause, may appeal to the district court by serving a notice upon the mayor or clerk of the municipality. The notice shall be filed with the court administrator of the district court within ten days after its service. The municipal clerk shall furnish appellant a certified copy of objections filed in the assessment proceedings, the assessment roll or part complained of, and all papers necessary to present the appeal. The appeal shall be placed upon the calendar of the next general term commencing more than five days after the date of serving the notice and shall be tried as other appeals in such cases. The court shall either affirm the assessment or set it aside and order a reassessment as provided in section 429.071, subdivision 2. If appellant does not prevail upon the appeal, the costs incurred shall be taxed by the court and judgment entered therefor. All objections to the assessment shall be deemed waived unless presented on such appeal. This section provides the exclusive method of appeal from a special assessment levied pursuant to this chapter.

---

[10] For example, Minn. Stat. §435.17, which limits interest collected on assessments for public improvements to 5%, is completely inapplicable to this matter.

(emphasis added).

In addition, M.C.O. §227.100 requires that the Notice of Intent to Assess to state:

> [T]he amount and basis for the costs and the time, date and place of a hearing before a hearing officer appointed by the council to determine the validity and amount of the proposed assessment. . . the notice shall state that the owner may appeal the assessment to the district court within thirty (30) days after the adoption of the special assessment by the council at an annual meeting. The notice shall also inform the owner of the provisions of Minnesota Statutes Sections 435.193 to 435.195 and of the existence of any deferment procedure.

(emphasis added).

This Court is required to construe the words of the statute according to their plain meaning. See American Family Ins. Grp. v. Schroedl, 616 N.W.2d 273, 277 (Minn.2000) ("Basic canons of statutory construction instruct that we are to construe words and phrases according to their plain and ordinary meaning."). Ordinances are subject to the same construction. Eagan Econ. Dev. Auth. v. U–Haul Co. of Minn., 787 N.W.2d 523, 535 (Minn. 2010) (stating that statutory construction rules apply to construction of municipal ordinances). Further, a statute of limitations "must be strictly construed against a plaintiff." PHL Variable Ins. Co. v. U.S. Bank Nat'l Assoc., Civ. No. 10-1197 (RHK/AJB), 2010 WL 3926310 at *5 (D. Minn. Oct. 4, 2010). The appeal of a special assessment to the district court is "wholly statutory, there being no common-law right to such an appeal, and. . .the conditions imposed by the statute must be strictly complied with. The conditions will not be extended by construction." Wessen v. Village of Deephaven, 170 N.W.2d 126, 128 (1969). Furthermore, "[t]he construction and applicability of statutes of limitations are questions of law." Noske v. Friedberg, 670 N.W.2d 740, 742 (Minn. 2003).

There is no doubt that the limitation period reflected in Minn. Stat. §429.081 is a statute of limitations that expires thirty days after the adoption of the assessment. Sykes v. City of Rochester, 787 N.W.2d 192, 197 (Minn. Ct. App. 2010). The plain language of the statute required plaintiffs to bring all of their challenges and objections to the City's VBR assessment—including any of the arguments asserted in this suit—to the state district court. That reading of the statute is entirely consistent with the general purpose of any statute of limitations and particularly Minn. Stat. §429.081--to prevent property owners from mounting late challenges to assessments and to provide finality for the municipality regarding the legitimacy of its assessments.

This Court is not bound by a decision by the state district court. Nonetheless, this Court has considered the order of State District Court Judge Marilyn Brown Rosenbaum dated December 12, 2012, in Meldahl v. City of Minneapolis, Henn. Co. Dist. Ct. File No. 27-CV-11-24739, and notes that this Court's conclusion regarding the thirty-day limitation period is consistent with Judge Rosenbaum's decision. See Defendant's Letter dated December 19, 2012 [Docket No. 30] (attaching a copy of Judge Rosenbaum's decision in Meldahl).

In Meldahl, a property owner in Minneapolis was assessed VBR fees and sidewalk repair assessments, among other assessments on his vacant properties. Id. Citing Minn. Stat. §429.081, Judge Rosenbaum granted summary judgment to the City on Meldahl's appeal of the sidewalk assessments, noting that he filed his appeal eighteen days beyond the thirty-day limit described by the statute. Id., p. 7.

Plaintiffs contend, however, that the thirty-day limitation period is irrelevant because the City failed to comply with the notice requirements of Minn. Stat. §429.061,

and M.C.O. §227.100(c) and (d). <u>See</u> Plaintiffs' Letter dated March 14, 2013. Plaintiffs' contention is meritless.

Minn. Stat. §429.061 relates to the assessment procedure for improvements such as curbs, gutters, and storm sewers and contains specific notice provisions, such as publication in a newspaper that the city council will meet to consider the proposed assessment. Not only have plaintiffs not established that this statute applies to the City's assessment of VBR fees, but plaintiffs failed to respond to the City's argument that the City may rely either on Chapter 429 or its home rule charter when imposing special assessments. In fact, nowhere in plaintiffs' fifty-three page Complaint did they ever allege that the notices they received from the City were defective. At any rate, Minneapolis is a home rule charter city[11] and as such has "'all of the legislative power possessed by the legislature of the state, save as such power is expressly or impliedly withheld.'" <u>Bolen v. Glass</u>, 755 N.W.2d 1, 5 (Minn. 2008) (quoting <u>State v. Crookston</u>, 91 N.W.2d 81, 83 (Minn. 1958)). The City's charter provides generally that "the City Council shall have full power and authority to make, ordain, publish, enforce, alter, amend or repeal all such ordinances for the government and good order of the City . . . and by the same to declare and impose penalties and punishments, and enforce the same against any person or persons who may violate the provisions of any ordinance. . . ." Minneapolis, Minn., City Charter ch. 4, §5. In this case, the City adopted M.C.O. §249.80, subd. (j)(3), which provides that unpaid VBR fees shall be levied and collected as a special assessment "as provided for under section 227.100. . . ." Therefore, the

---

[11]     Minneapolis, Minn. City Charter, ch. 1, §2.

Court must determine if the notices the plaintiffs received pursuant to M.C.O. §227.100 were sufficient.

M.C.O. §227.100 provides that the notice of intent to assess:

> [S]hall state the amount and basis for the costs and the time, date and place of a hearing before a hearing officer appointed by the council to determine the validity and amount of the proposed assessment. The notice may require, as a prerequisite to an owner's challenge of an assessment, that the owner file written objections to the assessment no later than fifteen (15) days before the hearing. The notice shall state that the owner may appeal the assessment to the district court within thirty (30) days after the adoption of the assessment by the council at an annual meeting. The notice shall also inform the owner of the provisions of Minnesota Statutes Sections 435.193 to 435.195 and of the existence of any deferment procedure.

Here, the 2011 and 2012 Notices of Intent to Assess received by plaintiffs stated the amount and basis for the amount of the assessment (identifying the VBR fee as the basis) and the time, date and place of the hearing the determine the validity of the assessment. Busch Decl. II, Exs. B, C. The Notices stated that if the assessments were adopted by the City Council, the assessments could be appealed to the district court within thirty days after final approval. Id. As permitted by M.C.O. §227.100, the Notices informed plaintiffs that written objections to the assessments should be filed no later than fifteen days before the hearing.

Plaintiffs contended that the Notices were non-compliant because they did not state the basis of the cost for the special assessment. Pls.'. Reply, p. 6. This Court disagrees. Without expressly saying so, plaintiffs seem to believe the City was required to present some sort of explanation or detail of the VRB fee itself (e.g. an analysis of the components of the VRB fees of the sort provided by plaintiffs in their original

memorandum of law in support of their motion.  See, Docket No. 17, pp. 27-30).  The Court does not read the ordinance that way—the plain words of the ordinance state that the basis of the costs shall be provided, not that an analysis or breakdown of the costs are to be provided.  The City's notices did just what they were supposed to do: they stated that the basis for the assessments are the current VBR fee as determined by the City, thereby providing the affected property owner with adequate notice under the ordinance.  Whether the City could have done more to provide affected property owners with an explanation as to how the VBR fee was derived is irrelevant; M.C.O. §227.100 does not require more and the Court will not read any such requirement into the ordinance.

In summary, the Court concludes that summary judgment in the City's favor is required.  Contrary to plaintiffs' assertion, the City did not lack jurisdiction to assess the VBR fees because the Notices of Intent to Assess the plaintiffs received satisfied the requirements of M.C.O. §227.100.  It is undisputed that plaintiffs did not timely appeal their VBR assessments to the state district court.  Accordingly, having failed to timely appeal any of the assessments by the City, all grounds for objecting to the assessments barred and waived. [12]

## IV.    RECOMMENDATION

---

[12]      Even if plaintiffs timely appeal an assessment, this Court questions whether it can ever entertain a suit challenging the assessment.  An appeal from a special assessment is in the nature of a special proceeding.  Marzitelli v. City of Little Canada, 582 N.W.2d 904, 905-06 (Minn. 1998).  A final order or judgment issued by the state district court on an assessment is appealable to the Minnesota Court of Appeals pursuant to Minn. R. Civ. App. P. 103.03(g).  Because Minn. Stat. §420.081 provides the exclusive remedy for a party aggrieved by a special assessment and requires the appeal to be decided by the state district court, it is unclear that the federal district court could exercise jurisdiction over claims arising out of the City's VBR fees.

For the reasons set forth above, IT IS RECOMMENDED that:

(1)     Plaintiffs' Motion for Partial Summary Judgment on Defendant's Tax Injunction Act Defense [Docket No. 9] be determined moot in light of this Court's recommendation that Defendants' Motion for Summary Judgment be granted.

(2)     Plaintiffs' Motion for Partial Summary Judgment [Docket No. 15] be DENIED.

(3)     Defendants' Motion for Summary Judgment [Docket No. 33] be GRANTED.

(4)     This matter be dismissed with prejudice.

Dated: August 2, 2013                                    *Janie S. Mayeron*
                                                        JANIE S. MAYERON
                                                        United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 16, 2013** a writing that specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within 14 days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.